**No. 25-5262**

---

In the
United States Court of Appeals
for the Ninth Circuit

---

IN RE WELLS FARGO MORTGAGE DISCRIMINATION LITIGATION

---

Petition for Leave to Appeal from the United States District Court
for the Northern District of California,
District James Donato, Case No. 3:22-cv-00990-JD

---

# MOTION OF CHRISTOPHER WILLIAMS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS RULE 23(f) PETITION

---

LINDA D. FRIEDMAN
SUZANNE E. BISH
GEORGE S. ROBOT
**STOWELL & FRIEDMAN, LTD.**
303 W. Madison Street, Suite 2600
Chicago, Illinois 60606
(312) 431-0888
*Attorneys for Plaintiff-Petitioner Christopher Williams, on behalf of himself and all others similarly situated*

---

Plaintiff-Petitioner Christopher Williams, individually and on behalf of all others similarly situated, respectfully moves this Court for leave to file a Reply in support of his Petition under Federal Rule of Civil Procedure 23(f).

Although the Federal and Circuit Rules are silent concerning replies in support of Rule 23(f) petitions, this Court has granted leave to file such replies. *See, e.g., Farley v. Lincoln Benefit Life, Co.*, No. 23-80037, Dkt. 8 (9th Cir. Sep. 28, 2023).

Williams respectfully submits that a reply is appropriate in this circumstance to address a few narrow factual points raised in Wells Fargo's opposition to his Rule 23(f) petition. The proposed reply is six pages and addressed only to those narrow points, which Williams respectfully submits will aid the Court in determining whether to grant the Rule 23(f) petition.

Williams therefore respectfully requests that the Court permit Williams to file the proposed reply in support of his Rule 23(f) petition attached hereto as **Exhibit 1**.

Dated: September 9, 2025 Respectfully submitted,

By: */s/ Linda D. Friedman*
Linda D. Friedman

LINDA D. FRIEDMAN
SUZANNE E. BISH
GEORGE S. ROBOT
**STOWELL & FRIEDMAN, LTD.**
303 W. Madison Street, Suite 2600
Chicago, Illinois 60606
(312) 431-0888

BENJAMIN CRUMP (Appearing pro hac vice)
NABEHA SHAER
**BEN CRUMP, PLLC**
633 Pennsylvania Avenue Northwest
Floor 2
Washington D.C. 20004
(800) 713-1222
court@bencrump.com

*Attorneys for Plaintiff-Petitioner Christopher Williams, on behalf of himself and all others similarly situated*

# CERTIFICATE OF COMPLIANCE

I certify that this petition complies with Circuit Rule 5-2(b), 27-1(1)(d), and 32-3(2), because it contains 160 words and is 1 page long (excluding portions exempted by Federal Rules of Appellate Procedure 27(d)(2)). I further certify that the foregoing petition complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word in 14-point, Century Schoolbook font.

Date: September 9, 2025

*/s/ Linda D. Friedman*

# EXHIBIT "1"

**No. 25-5262**

In the
United States Court of Appeals
for the Ninth Circuit

IN RE WELLS FARGO MORTGAGE DISCRIMINATION LITIGATION

Petition for Leave to Appeal from the United States District Court
for the Northern District of California,
District James Donato, Case No. 3:22-cv-00990-JD

# [PROPOSED] REPLY IN SUPPORT OF PETITIONER-PLAINTIFF CHRISTOPHER WILLIAMS, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, RULE 23(f) PETITION


LINDA D. FRIEDMAN
SUZANNE E. BISH
GEORGE S. ROBOT
**STOWELL & FRIEDMAN, LTD.**
303 W. Madison Street
Suite 2600
Chicago, Illinois 60606
(312) 431-0888

BENJAMIN CRUMP
NABEHA SHAER
**BEN CRUMP, PLLC**
633 Pennsylvania Avenue NW
Floor 2
Washington D.C. 20004
(800) 713-1222

*Attorneys for Plaintiff-Petitioner Christopher Williams, on behalf of himself and all others similarly situated*

# TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................ 1
CONCLUSION ..................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013)..........1
*Cobb Cnty. v. Bank of Am. Corp.*, No. 15-CV-04081, 2020 WL 13200158 (N.D. Ga. Sept. 18, 2020)..........5
*HUD's Discriminatory Effects Standard*, 88 FR 19450-01 (Mar. 31, 2023)..........5
*Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015)..........5
*Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338 (2011)..........4

## ARGUMENT

In Wells Fargo's response to Plaintiff Christopher Williams' Rule 23(f) Petition, Wells Fargo repeats the district court's manifest error by misconstruing the proper procedure for a motion to certify a class. The issue before the district court was not which party should succeed on the merits, or which party's version of disputed facts was most compelling, but solely whether the requirements of Rule 23 had been met. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). But instead of presenting the undisputed facts, Wells Fargo argues against this Court's review by attempting to dispute uncontested facts and pressing its own version of disputed facts.

While presenting its own disputed facts as truth, Wells Fargo glosses over an essential and truly undisputed fact: Wells Fargo sought consolidation based on a sworn representation that it had centralized underwriting policies applied uniformly by a core group of individuals working in a single department. (Dkt. 204-2 at 14–17.) A high-level executive in that department swore that "regardless of whether it is a loan to purchase property or a refinance of an existing loan," any application would be "submitted with generally similar supporting

financial documentation," reviewed by an underwriter "in the same organization within Wells Fargo," applying "similar policies, processes, and procedures to each individual loan or financing application." (*Id.*) Under this centralized system, "each loan application is independently assessed against a *similar set of underwriting guidelines* to assess each individual applicant's creditworthiness and ability to repay." (*Id.* at 16 (emphasis added).)

Convinced by the sworn testimony that established a centralized and uniform underwriting system, the district court granted Wells Fargo's motion for consolidation and thereby created this massive class. To defeat class certification, Wells Fargo should not have been permitted to dispute the sworn testimony it offered in support of consolidation.

Admissions aside, two factual disputes bear clarifying in this reply. ***First***, Plaintiffs adduced substantial evidence showing that for all its claimed complexity and discretion, just a dozen-odd uniformly applied factors fully controlled Wells Fargo's underwriting decisions. Wells Fargo's own model development team admitted that "12–17 'key underwriting factors' … 'account[] for the full underwriting process …

and … will accurately estimate the underwriting decision,' making it a 'near optimal model' of Wells Fargo's home mortgage credit decisions." (Dkt. 232-47 at 14–15 ¶ 29.) Plaintiffs' expert Dr. Kurzendoerfer studied those key underwriting factors to replicate the underwriting process.

In doing so, Dr. Kurzendoerfer found that overall, "statistically significant race and ethnicity approval rate disparities … cannot be explained by key underwriting factors." (*Id.* at 15–16 ¶ ¶ 33.) In short, Plaintiffs put forth common evidence that differences between the applicants of different races—the so-called "historical discrimination and social inequities" (at 2) for which Wells Fargo claims it is blameless—*did not* explain why Wells Fargo approved white applicants at higher rates than minority, and especially Black, applicants.

Moreover, Wells Fargo's own internal fair lending analyses repeatedly found that three factors drove disparate and worse outcomes for Black applicants. (Dkt. 204-18 at 3 (also filed at Dkt. 278-4 at 222-29).) Williams' application for a home equity loan was denied based on Wells Fargo's "unique scoring model" based on two of these three factors that Wells Fargo conceded had disparate impact against Black borrowers. (Dkts. 232-39, (also filed at 243-6).)

Significantly, Dr. Kurzendoerfer also found something that *did* explain the racial disparities: Wells Fargo's consideration of property location, disproportionately denying loans to those who lived in neighborhoods more densely populated with racial minorities. (Dkt. 232-47 at 25.)

Thus, Plaintiffs established that this case is the opposite of *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338 (2011). To convince the district court to grant its motion to consolidate, Wells Fargo conceded its uniform, centralized, decision-making was the necessary "glue" in the case warranting the creation of this massive class. Similarly, while Wells Fargo attempts to recreate the havoc that existed in *Dukes* by claiming, like the thousands of stores making decisions without a centralized policy in *Dukes,* that something on the order of 14,000 individually applied factors informed each underwriting decision. But as explained above, Wells Fargo itself concluded that one could accurately predict underwriting decisions by looking at only 12–17 factors.

But even if the district court were permitted to accept Wells Fargo's disputed view of the process's complexity, that would be

compelling proof that the uniform, centralized underwriting system cannot be separated, and it is therefore appropriate to study it in exactly the way Plaintiffs (and Wells Fargo internally) did. *See* Reinstatement of HUD's Discriminatory Effects Standard, 88 FR 19450-01, 19485–86 (Mar. 31, 2023) (noting that under FHA, "there may be multiple acts or policies that together result in a discriminatory effect"); *Cobb Cnty. v. Bank of Am. Corp.*, No. 15-CV-04081, 2020 WL 13200158, at *5 (N.D. Ga. Sept. 18, 2020) (concluding that even after *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015), plaintiffs may rely on "a collective set of practices").

Conspicuously absent from Wells Fargo's response is any answer to Williams' alternative argument regarding the inseparability of Wells Fargo's underwriting process.

***Second***, Wells Fargo repeatedly asserts that Williams "withdrew" his application for a home equity loan, perhaps hoping to sway this Court that Williams' claims are not worth its time. But Wells Fargo is well aware that Williams applied for a loan and was denied at the rate he sought. (Dkt. 243-6 at 2–3.) Only after Wells Fargo discriminatorily

denied him at a fair rate did Williams decide not to pursue a loan from Wells Fargo. (*Id.*) Thus, any "withdrawal" of his application was a consequence of Wells Fargo's denial and holds no other significance.

## CONCLUSION

For the foregoing reasons, the Rule 23(f) petition should be granted.

Dated: September 9, 2025 Respectfully submitted,

By: */s/ Linda D. Friedman*
Linda D. Friedman

LINDA D. FRIEDMAN
SUZANNE E. BISH
GEORGE S. ROBOT
**STOWELL & FRIEDMAN, LTD.**
303 W. Madison Street, Suite 2600
Chicago, Illinois 60606
(312) 431-0888

BENJAMIN CRUMP (Appearing pro hac vice)
NABEHA SHAER
**BEN CRUMP, PLLC**
633 Pennsylvania Avenue Northwest
Floor 2
Washington D.C. 20004
(800) 713-1222
court@bencrump.com

*Attorneys for Plaintiff-Petitioner Christopher Williams, on behalf of himself and all others similarly situated*

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with Circuit Rule 5-2(b) because it contains 966 words and is 6 pages (excluding portions exempted by Federal Rules of Appellate Procedure 5(b)(l)(E) and 32(f) and Circuit Rule 5-2(b)), does not exceed the 20-page limit. I further certify that the foregoing petition complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5)(A) and (6) because it has been prepared using Microsoft Word in 14-point, Century Schoolbook font.

Date: September 9, 2025

*/s/ Linda D. Friedman*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I electronically filed the foregoing petition with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

*/s/ Linda D. Friedman*